# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2864

_____

Donna L. Crawford,                              *
                                                *
                    Appellant,                  *
                                                *    Appeal from the United States
        v.                                      *    District Court for the
                                                *    Western District of Missouri.
R.L. Bundick; John Page; Camden                 *
County, Missouri,                               *         [UNPUBLISHED]
                                                *
                    Appellees.                  *


_____

Submitted: March 15, 2002

Filed: April 2, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.


        Donna Crawford (Donna) brought suit against Camden County and Camden County Deputy Sheriffs R.L. Bundick (Bundick) and John Page (Page) after Bundick fatally shot her husband, Joe Crawford (Joe), on March 12, 1999. At the time of the shooting, Bundick was responding to a domestic violence call. The case was tried to a jury. The district court granted judgment as a matter of law to defendants Page and Camden County. The jury returned a verdict in favor of Bundick. Donna now

challenges the district court's[1] admission of expert witness testimony concerning the propriety of Bundick's decision to fire his weapon. We affirm.

Joe Crawford was a physically handicapped Vietnam veteran who suffered from post traumatic stress disorder, flashbacks, and nightmares. Joe threatened Donna with a weapon on March 12, 1999, while having what Donna described as a flashback. Donna ran next door to a neighbor, and the neighbor intervened, took the gun from Joe, and defused the situation. In the meantime, Donna called her daughter, who telephoned the Sheriff's Department. Donna then telephoned the Sheriff's Department and advised the dispatcher that deputies need not respond. When Deputies Bundick and John Blackenbecker arrived outside her home, Donna told them the situation had been resolved and they could leave. Donna's neighbor also informed the deputies that he had disarmed Joe. Donna explained to the deputies that Joe was a Vietnam veteran who suffered from flashbacks and that he had just experienced a flashback. She warned the deputies not to go inside because Joe might suffer another flashback upon seeing uniformed deputies.

The deputies informed Donna of their duty to investigate the situation. The two deputies then entered the home, and Bundick drew his weapon. Joe emerged from a room yelling, and the deputies perceived him to be reaching for a weapon. Bundick shouted at Joe and then fired his weapon fatally wounding Joe in the chest. A buck knife was later found beneath Joe's body.

At trial, Bundick called B.J. Johnson (Johnson), a firearms and police tactics instructor, to testify as an expert regarding what the proper officer response would be under the circumstances. Donna's attorney did not depose Johnson before trial. Johnson testified to standard police operating procedures, including when an officer

---

[1]The Honorable Scott O. Wright, United States Senior District Judge for the Western District of Missouri.

may use deadly force in the State of Missouri. After overruling several objections to Johnson's testimony, the district court called the attorneys into chambers to discuss the admissibility of the expert's opinions. In chambers, the district court noted that he was troubled the expert was taking the issue away from the jury. Later, in the courtroom, Donna's attorney, without any specificity, objected to the question, "Do you have any opinion as to whether or not Officer Bundick reacted properly at the time?" The district court overruled the general objection and permitted Johnson to answer.

We have closely scrutinized Donna's brief[2] to find an issue presented on appeal. The only issue we discern is whether the district court erred in permitting defense expert Johnson to testify to an ultimate jury issue.[3] A district court's decision to admit expert testimony is reviewed for abuse of discretion. United States v. Dico, Inc., 266 F.3d 864, 869 (8th Cir. 2001). Rule 704(a) of the Federal Rules of Evidence states "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." A district court may admit "opinion testimony if the expert's specialized knowledge is helpful to the jury to understand the evidence or determine a fact in issue, even if the opinion embraces an ultimate issue to be decided by the jury." United States v. Brown, 110 F.3d 605, 610 (8th Cir. 1997). We conclude the district court did not

---

[2]Donna's brief does not comply with the Federal Rules of Appellate Procedure. Her legal argument does not contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" nor "a concise statement of the applicable standard of review." See Fed. R. App. P. 28(a)(9)(A) & (B).

[3]Donna does not argue that the question at issue called for a legal conclusion or was otherwise inadmissible. We therefore need not decide whether the question was so couched in "legal conclusions that it supplie[d] the fact finder with no information other than what the witness believes the verdict should be." Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1991).

abuse its discretion in admitting Johnson's opinion on the ultimate issue of whether Deputy Bundick's use of deadly force was proper.

Accordingly we affirm the jury's verdict.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.